**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES HOWARD ERWIN, | No. 20-55903 |
| Plaintiff-Appellant, | D.C. Nos. |
| v. | 5:18-cv-00420-JGB-SHK |
| | 5:18-cv-01216-JGB-SHK |
| MICHAEL A. RAMOS, in his individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| COUNTY OF SAN BERNARDINO, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted February 14, 2022
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

James Erwin appeals from the district court's decision granting the defendants' motion for summary judgment in this action under 42 U.S.C. § 1983. He alleges that county investigators and prosecutors retaliated against him in violation of the First Amendment by conducting a criminal investigation into his participation in securing a $102 million settlement paid by the county. Erwin sued the County of San Bernardino as well as, in their individual capacities, District Attorney Michael Ramos, Assistant District Attorney James Hackleman, Deputy District Attorney R. Lewis Cope, and investigators Hollis Bud Randles and Robert Schreiber. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). Viewing the evidence in the light most favorable to Erwin, we determine whether there are "any genuine issues of material fact" and whether the district court "correctly applied the relevant substantive law." *Id.*

To establish a First Amendment retaliation claim, Erwin must show "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir.

2

2006)). Erwin must prove that retaliatory animus—not the speech itself—was the "but-for" cause of injury. *Hartman v. Moore*, 547 U.S. 250, 260 (2006); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). The burden then shifts to the defendants to show they "would have taken the same action even in the absence of the protected conduct." *O'Brien*, 818 F.3d at 932 (quoting *Pinard*, 467 F.3d at 770); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977) (burden-shifting framework).

The district court correctly determined that Erwin has not presented sufficient evidence to create a genuine dispute of fact with respect to causation. While the record is replete with evidence of hostility toward Erwin, whom the defendants considered "bottom-sucking" and "evil," there is no indication that the defendants disliked Erwin *because of* his protected speech or that any animosity existed before the start of the investigation. Instead, that animosity was rooted in the defendants' belief that he had extorted and bribed county officials in the course of settlement negotiations. Perhaps the defendants were mistaken, but even so, they were free to investigate someone they thought had committed a crime—and also free to dislike him because of it. Without evidence of retaliatory motive, there is no First Amendment violation.

Because Erwin's other claims are derivative of his First Amendment claim, the district court correctly granted summary judgment on them as well.

**AFFIRMED.**